[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action against the defendant to recover monies allegedly due and owing for work done pursuant to a written painting contract. The issues presented to the court are: 1) Whether, under the contract between the parties there are any monies due and owing to the plaintiff and 2) Whether the defendant is entitled to any setoff or credit for work allegedly not done or for work done unsatisfactorily.
After hearing testimony from the plaintiff's witness, Anthony Zilinsky, the defendant's witness, Diana Beatrice Gerber, this court finds that there was a contract for the painting of the defendant's home located at 407 Middlefield Road, Durham, Connecticut. Plaintiff's Exhibit A.
In order to determine whether there were any monies due and owing the plaintiff, this court must be convinced by a preponderance of the evidence that the plaintiff completed the work required by the contract. The plaintiff claims that the work contracted for was completed. The defendant claims that the windows not painted were part of the contract, that other work was not done satisfactorily and that a door damaged by paint spillage was to be replaced by the plaintiff per his oral promise to the defendant.
The court finds that the plaintiff made substantial performance under said contract. The court further finds that the third installment under the contract is due and owing to the plaintiff from the defendant in the amount of $2,068.00 less any setoff found by this court.
The defendant, through testimony, presented evidence tending to establish that the contract was not fully performed by the plaintiff, specifically, in that not CT Page 4867 all of the windows were painted, that a door was damaged and not replaced and that the workmanship was less than what was bargained for. The court finds that the plaintiff was the author of the contract admitted as plaintiff's Exhibit A and that there is an ambiguity as to what constitutes the "exterior" of the residence. The court construes the ambiguity in favor of the defendant and finds the windows were to be covered under the contract and were to be painted. The court further finds that windows without screens were painted which further supports this court's conclusion.
The court finds that the plaintiff orally agreed to replace the aforementioned damaged aluminum storm door but failed to do so. The court finds that the failure to paint all of the windows and the failure to replace the storm door entitle the defendant to a setoff from the amount found due and owing to the plaintiff. The defendant's third claim for setoff, namely poor workmanship, is covered by the guarantee contained in the contract and, therefore, does not need to be addressed in this decision.
As the defendant did not produce any evidence as to the amount of her damages, this court finds it difficult to find a specific amount to be allowed the defendant as a setoff. This court notes, however, that the plaintiff testified that he was willing to give the defendant a $260.00 credit for the damaged door. The court finds that the replacement of the aluminum door to be valued at $260.00 and further awards the sum of $250.00 for completion of the window painting for a total setoff in the amount of $510.00.
Accordingly, judgment may enter in favor of the plaintiff in the amount of $1,558.00 against the defendant, with costs, but without interest.
It is so ordered.
ARENA, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk